IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEAIRIS TIPLER,<br><br>    **Plaintiff,**<br><br>v.<br><br>MADELYN DALEY, GRANT MENGES, and CALLEY R. MIZE,<br><br>    **Defendants.** | Case No. 25-CV-01712-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

  This matter comes before the Court for consideration of a Motion to Dismiss for Failure to State a Claim filed by Defendants Madelyn Daley, Grant Menges, and Calley R. Mize (Doc. 14); and a Motion to Correct Docket filed by Plaintiff Deairis Tipler (Doc. 21). Having fully considered the issues presented, the Motion to Dismiss (Doc. 14) is **GRANTED** and the Motion to Correct Docket (Doc. 21) is **DENIED**.

FACTUAL AND PROCEDURAL BACKGROUND

  Plaintiff Deairis Tipler initiated the present action against Defendants Madelyn Daley, Grant Menges, and Calley R. Mize on September 3, 2025. (Doc. 3). Tipler's claims appear to arise from a prior attorney-client relationship between himself and the three named Defendants, who are attorneys at Madelyn Daley & Associates, a law firm in Belleville, Illinois. (*See* Doc. 11). Taken from the facts alleged in Tipler's original Complaint and his Amended Complaint, it appears that Tipler previously retained Defendants to represent him in a state court criminal

matter.[1] (*See* Docs. 1, 11).

In his Amended Complaint, Tipler purports to bring claims against Defendants pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging Defendants violated his First and Fourth Amendment rights. (Doc. 11). Tipler alleges that Defendants violated his First Amendment rights by preventing him from expressing his view of the case. (*Id.*). He states that he was yelled at, belittled, shadow trapped, and called a criminal by his attorney. (*Id.*). He also alleges that Defendants violated his Fourth Amendment rights by failing to investigate his case. (*Id.*). He contends that his attorneys pressured him to accept a plea deal rather than pursue trial; that an officer committed perjury and forged his signature; and that no citation was provided for alleged violations. (*Id.*). He alleges that Daley, Menges, and Mize misrepresented other criminal defendants who hired their services; sat next to the prosecutor and worked for the prosecutor rather than the defendants; and failed to provide adequate defense, amounting to what he describes as ongoing "legal malpractice conduct." (*Id.*). He claims that he experienced emotional distress, breach of contract, and negligence; that he was denied a refund for legal services rendered; and that defendants failed to meet their professional capacities and comply with their oath requirements. (*Id.*, p. 4). He seeks $1,000,000 in damages and $15,000 in punitive damages. (*Id.*).

---

[1] The Seventh Circuit has stated that "in ruling on a 12(b)(6) motion to dismiss, the court generally considers only those facts alleged within the four corners of the complaint." *Gumm v. Molinaroli*, 569 F. Supp. 3d 806, 827 (E.D. Wis. 2021). An amended complaint, whether filed as of right or with leave of court, supersedes any original or prior complaint and becomes the operative complaint. *See* MOORE'S FEDERAL PRACTICE: CIVIL § 12.20 (2025). The Court mentions the facts alleged in Tipler's original Complaint, as well as his Amended Complaint, for purposes of piecing together, as best as possible, a more complete picture of the events giving rise to Tipler's claims.

On September 3, 2025, the same day Tipler filed his Complaint in this Court, the Clerk of Court issued summonses as to the three named Defendants. (*See* Doc. 4). Prior to executing of service of process, Tipler filed a Motion to Amend his Complaint with the Court on September 9, 2025. (Doc. 5). On the same day, Tipler filed a Motion for Service of Process at Government Expense. (Doc. 6). On September 15, 2025, this Court granted Tipler's Motion to Amend Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), ordering him to file his Amended Complaint instanter. (Doc. 8). The Court, in addition, denied his Motion for Service of Process at Government Expense. (*Id.*). By September 25, 2025, Tipler had not yet complied with this Court's order to file his Amended Complaint, and thus this Court notified him that failure to file his amended pleading and comply with this Court's order would result in dismissal of his case pursuant to Federal Rule of Civil Procedure 41(b). (Doc. 9). On October 1, 2025, Summonses were returned executed as to Defendants Daley, Menges, and Mize, indicating they were served on September 23, 2025. (Doc. 10).

On October 3, 2025, Tipler filed his Amended Complaint with the Court. (Doc. 11). On October 6, 2025, this Court issued new Summonses to Tipler for all three Defendants. (Doc. 12). On October 13, 2025, Defendants filed the instant Motion to Dismiss for Failure to State a Claim. (Doc. 14). One week later, on October 20, 2025, Tipler filed his Response in opposition. (Doc. 17). On October 21, 2025, Summonses were returned executed as to all three Defendants, indicating they were served on October 16, 2025. (Docs. 18, 19, 20). On November 14, 2025, Tipler filed a Motion to

Correct the Docket, stating his belief that he filed the operative Amended Complaint on September 9, 2025, and that the Clerk of Court failed to file this correctly on the docket. (Doc. 21).

## LEGAL STANDARD

A motion brought under Federal Rule of Civil Procedure 12(b)(6) is to test the "sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To withstand such a motion, the complaint must contain enough factual allegations to "state a claim to relief that is plausible on its face" and to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim has facial plausibility when the facts alleged permit the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual assertions are not required, the complaint must offer more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 570. In deciding a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in the plaintiff's favor. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012). Furthermore, "in ruling on a 12(b)(6) motion to dismiss, the court generally considers only those facts alleged within the four corners of the complaint." *Gumm v. Molinaroli*, 569 F. Supp. 3d 806, 827 (E.D. Wis. 2021). In *Kuebler v. Vectren Corp.*, the Seventh Circuit highlighted that a plaintiff opposing a Rule 12(b)(6) motion may elaborate on factual allegations consistent with

the pleadings but cannot introduce new facts or arguments that are inconsistent with the complaint. 13 F.4th 631, 636 (7th Cir. 2021).

A lawsuit brought pursuant to *Bivens v. Six Unknown Named Agents* authorizes the filing of constitutional tort suits against federal officers much in the same way that 42 U.S.C. § 1983 authorizes such suits against state actors. 403 U.S. 388 (1971); *see Economan v. Cockrell*, Case No. 1:20-CV-32, 2020 WL 6874134, at *21 (S.D. Ind. Nov. 23, 2020 (citing *Prucha v. Watson*, 2020 WL 6274840, at *4 (S.D. Ind. Oct. 26, 2020); *King v. Federal Bureau of Prisons*, 415 F.3d 634, 636 (7th Cir. 2005)). In *Bivens*, the Supreme Court recognized an implied damages remedy against federal officers for certain constitutional violations. 403 U.S. 388. *Bivens* involved a claim for damages against federal narcotics agents for alleged Fourth Amendment violations arising from a warrantless search, arrest, and the unreasonable use of force in the plaintiff's home against the plaintiff. *Id.* "The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001).

To be subject to liability for constitutional violations in a *Bivens* action, plaintiff must allege that the defendant acted under color of federal law. *See Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003). Two aspects of "under color of law" are relevant here. First, it is established that "attorneys do not act under color of state law for purposes of § 1983 or under color of federal law for purposes of *Bivens*, regardless of whether they are court-appointed or privately retained." *Rider-El v. United States*, Case No. 2:22 CV 13022, 2023 WL 2761701, at *3 (E.D. Mich. April

3, 2023) (citing *Polk County v. Dodson*, 454 U.S. 312 (1981)). In *Rider-El*, plaintiff filed suit against one court-appointed criminal defense attorney and one privately retained criminal defense attorney alleging a conspiracy amongst his attorneys, the prosecutor, and the judge to deprive him of his due process rights. *Id.* at *1. The district court held, upon preliminary review, that plaintiff's claims against his former attorneys failed to state a claim upon which relief could be granted because neither a court-appointed attorney nor a privately retained attorney act under color of state or federal law such that they are subject to suit pursuant to § 1983 or *Bivens*. *Id.* at *3. Similarly, in *Agrawal v. Pallmeyer*, plaintiff brought suit against a district court judge and four private court-appointed attorneys alleging a conspiracy to violate his rights pursuant to § 1983 and *Bivens*. 313 Fed. App'x. 866, 867 (7th Cir. 2009). The Seventh Circuit affirmed the district court's decision to dismiss the claims against the private attorneys, stating that they are not subject to suit under § 1983 nor *Bivens* because they were private attorneys who acted neither under color of state law nor federal authority. *Id.* at 868 (citing *Simmons v. Sacramento Cnty. Sup. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998); *Bivens*, 403 U.S. at 389; *Richards v. Kiernan*, 461 F.3d 880, 883 (7th Cir. 2006)).

    Second, there are two circumstances in which defendants may be found to act "under color of state law" according to Seventh Circuit precedent. *Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003). "The first is when the state has cloaked the defendants in some degree of authority—normally thought employment or some

other agency relationship." *Id.* (citing *Yang v. Hardin*, 37 F.3d 282, 284 (7th Cir. 1994)). The second circumstance is "when the defendants have conspired or acted in concert with state officials to deprive a person of his civil rights." *Id.* (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)). "'In order to establish a conspiracy, the plaintiff must demonstrate that the state official and the private party somehow reached an understanding to deny the plaintiffs of their constitutional rights.'" *Id.* (quoting *Moore v. Marketplace Rest., Inc.*, 754 F.2d 1336, 1352 (7th Cir. 1985)) More specifically, to state a § 1983 claim, plaintiff allege (a) that Defendants and state actors reached an agreement to deprive Plaintiff of his constitutional rights, and (b) overt acts taken by Defendants and state actors in furtherance of the conspiracy actually deprived Plaintiff of those rights. *See Heritage Operations Grp., LLC v. Norwood*, 2018 WL 4467152, at *7 (N.D. Ill. Sept. 18, 2018) (citing *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015)); *see Szeklinski v. Neary*, No. 07-C-222, 2007 WL 777539, at *2 (E.D. Wis. March 12, 2007) ("Where the facts in the complaint are vague, conclusory and include no overt acts reasonably related to the promotion of the alleged conspiracy the complaint fails to state a claim based on conspiracy. Additionally, the factual allegations must suggest a meeting of the minds between the alleged conspirators.") (citation modified). The same pleading requirement applies to cases brought against federal actors under a purported *Bivens* claim. *See Szeklinski*, 2007 WL 777539, at *2 (finding that plaintiff's complaint against a federal actor alleging the existence of a conspiracy to deprive his constitutional rights failed to state a claim because plaintiff's conspiracy

allegations were merely conclusory).

As stated above, the *Bivens* decision allowed for an implied damages remedy for an alleged violation of the Fourth Amendment by federal officers. *See* 403 U.S. at 388. In the fifty years of *Bivens* jurisprudence, the Court has only extended its holding to other contexts twice: first, to a claim under the Fifth Amendment for workplace sex discrimination against a member of Congress, *see Davis v. Passman*, 442 U.S. 228 (1979); and second, to a claim under the Eighth Amendment for failure to provide adequate medical care against federal prison officials, *see Carlson v. Green*, 446 U.S. 14 (1980). Since *Carlson*, however, the Court has consistently refused to authorize *Bivens* claims to new contexts; extending the *Bivens* cause of action is now a "disfavored judicial activity." *Ziglar v. Abbasi*, 582 U.S. 120 (2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. (2009)).

## DISCUSSION

First, this Court addresses the somewhat unusual procedural history in this matter and Tipler's Motion to Correct the Docket. (Doc. 21). On the face of the docket, it appears that Tipler initially served his original Complaint, filed on September 3, 2025, on Defendants on September 23, 2025. (*See* Doc. 10). Tipler filed his First Amended Complaint thereafter on October 3, 2025, and received summonses for the Amended Complaint on October 6, 2025. (Docs. 11, 12). Defendants filed the instant Motion to Dismiss on October 13, 2025, but the executed Summonses indicate they were not yet served with the Amended Complaint until three days after they filed their Motion to Dismiss on October 16, 2025. (Docs. 18, 19, 20). Despite this apparent

inconsistency, however, the Court is satisfied and finds that Defendants' Motion to Dismiss in fact addresses the operative Amended Complaint.

The thrust of Defendants' argument in their Motion to Dismiss is that Tipler fails to state a *Bivens* claim because Defendants are private attorneys not subject to suit because they did not act under color of federal law. (*See* Doc. 14). Tipler's original Complaint states that he is invoking the Court's subject matter jurisdiction under 28 U.S.C. § 1331, federal question jurisdiction, and alleges violations of his First, Fourth, Fifth, and Sixth Amendments rights; with violations of 18 U.S.C. §§ 3571 and 1621, denial of the right to a reasonable defense; and falsification of documents, none of which are covered under *Bivens* or its progeny. (Doc. 3, p. 3). It is *only* in the Amended Complaint that Tipler states he is pursuing his claims pursuant to *Bivens*, which demonstrates to this Court that Defendants are attacking the operative pleadings in this matter. Accordingly, this Court finds it is proper to address Defendants' Motion to Dismiss.

In their Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim, Defendants Daley, Menges, and Mize argue that Plaintiff's claims fail as a matter of law because *Bivens* provides a remedy only against federal officers acting under color of federal law; as private attorneys, they are not subject to liability. (Doc. 14, p. 1). Plaintiff, in response, states that, viewing the facts in light most favorable to him, he clearly alleges Defendants committed multiple constitutional violations, including First, Fifth, Sixth, and Fourteenth Amendment violations, as well as breached their professional duties to Plaintiff. (Doc. 17, p. 4). Plaintiff argues that his claims do not

rest solely on *Bivens*, but are grounded in violations of constitutional rights, professional misconduct, and actions taken under color of law through joint participation with prosecutors and other stater actors, which he argues are actional conspiracy claims pursuant to *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980) and *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982). (*Id.*, p. 5).

Specifically, Plaintiff alleges that Defendant Daley, in violation of his Sixth Amendment right, "withdrew from representation then provided incomplete discovery materials containing only two camera views of an incident video, while later discovery revealed four," which amounted to a violation of his right to fair process (*Id.* (citing *Powell v. Alabama*, 287 U.S. 45 (1932)). Further, Tipler alleges that Defendants Menges and Mize "acted with hostility, profanity, and intimidation when Plaintiff attempted to raise objections about strategy," which interfered with his right to free expression and effective counsel under the First and Sixth Amendments. (*Id.*). Tipler also argues that "Defendants' conduct also constitutes professional misconduct and a breach of ethical duties under 32 C.F.R. §§ 776.19–776.21, which impose obligations of loyalty, diligence, competence, and honesty upon attorneys." (*Id.*). Plaintiff states that federal question jurisdiction exists because Defendants are private individuals acting jointly with state or federal officials, and whether Defendants' conduct qualifies as acting under color of law as a joint conspiracy with government actors presents factual issues that cannot be resolved at the pleading stage, entitling him to proceed past the motion to dismiss phase. (*Id.*, p. 6).

It is clear from the face of Plaintiff's Amended Complaint he does not plausibly state a claim for relief and that an action against privately retained criminal defense attorneys cannot proceed under a *Bivens* cause of action. Similar to the district court's decision in *Rider-El*, in which plaintiff brought claims against a court-appointed criminal defense attorney as well as a privately retained defense attorney, here, too, Plaintiff may not maintain claims under *Bivens* against private attorneys because they do not act under color of federal law. 2023 WL 2761701 at *3; *see also Agrawal*, 313 Fed. App'x. at 867 (affirming district court's dismissal of § 1983 and *Bivens* claims brought against private, court-appointed attorneys for failure to state a claim because private attorneys, even appointed by the court, do not act under color of federal law). Tipler alleges no facts that establish that Daley, Menges, or Mize were acting under any federal or state authority in their capacity as his counsel. Accordingly, as private counsel, Daley, Menges, and Mize are not subject to a *Bivens* action nor liability under § 1983 as privately retained counsel.

In addition, Tipler fails to adequately allege facts to support the existence of a conspiracy amongst Defendants and actors within the court system to deprive him of his constitutional rights. To succeed, the case law makes clear that Tipler must allege that Defendants and federal actors reached an agreement to deprive him of his constitutional rights, and he must also allege that overt acts were taken by Defendants and the actors in question to deprive him of those rights. *See Heritage Operations Grp., LLC*, 2018 WL 4467152, at *7 (citing *Beaman*, 776 F.3d at 510 (7th Cir. 2015)). In his Amended Complaint, Tipler alleges that Defendants, as criminal

defense counsel, misrepresented other criminal defendants, sat next to the prosecutor and worked for the prosecutor rather than the defendants, and failed to provide adequate defense, amounting to what he describes as ongoing "legal malpractice conduct." (Doc. 11). Tipler's response to Defendants' Motion to Dismiss makes further conclusory statements that the Defendants colluded with prosecutors and state officials in violation of 28 U.S.C. §§ 1983, 1985 and 18 U.S.C. § 241–42, none of which are causes of action he alleges in his Amended Complaint, and that "[s]uch conduct constitutes joint participation and conspiracy with government actors." (Doc. 17, pp. 3–4). However, Tipler entirely fails to state *facts* which plausibly allege the existence of any conspiracy, cooperation, agreement, or conduct amongst Defendants and any federal (or state) actors, much less conduct that arises to the level of a conspiracy. Instead, he makes vague references to Defendants' treatment of him as his counsel and dissatisfaction with their representation, none of which plausibly support a claim for a conspiracy to violate his constitutional rights. *See Szeklinski,* 2007 WL 777539, at *2. His conclusory allegations, lacking factual support, fail to plausibly state a claim for relief. Accordingly, his claims do not survive Defendants' 12(b)(6) Motion to Dismiss.

Furthermore, this Court additionally finds that Tipler's claim against Defendants presents a new *Bivens* context, such that this Court will not extend the scope of liability under *Bivens* to cover Defendants' alleged conduct. The Supreme Court has recognized an implied action for damages to compensate persons injured by federal officers only in a limited number of established contexts. *See*  403 U.S.

388. *Bivens* involved the warrantless arrest and seizure of the plaintiff and search of his home in violation of the Fourth Amendment, and later cases included a Fifth Amendment sex discrimination claim and an Eighth Amendment claim for denial of medical care for a serious medical condition. *Id.*; *Davis*, 442 U.S. at 228; *Carlson*, 446 U.S. at 14. Here, no aspects of Tipler's Amended Complaint allege conduct similar to the claims at issue in *Bivens*, nor is he making claims similar to those alleged in *Davis* and *Carlson*. Plaintiff's claim of sweeping constitutional violations against private attorneys is fundamentally different from anything recognized in *Bivens* or subsequent cases, and extending the holding of *Bivens* is certainly not warranted at this time. *See Ziglar*, 582 U.S. at 120.

## Conclusion

For the reasons set forth above, the Motion to Dismiss for Failure to State a Claim filed by Defendants Madelyn Daley, Grant Menges, and Calley R. Mize (Doc. 14) is **GRANTED**. Plaintiff Dearis Tipler's Motion to Correct Docket (Doc. 21) is **DENIED**. Because Plaintiff has already been given an opportunity to amend his Complaint, this Court is not required to give Plaintiff another opportunity to amend, and accordingly, this matter is **DISMISSED with prejudice**. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024 (7th Cir. 2013). Plaintiff's Amended Complaint (Doc. 11) is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to close this case on the Court's docket.

**IT IS SO ORDERED.**

**DATED: December 12, 2025**

                                                                        **s/ *Stephen P. McGlynn*** 
                                                                        **STEPHEN P. McGLYNN**
                                                                        **U.S. District Judge**