IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEAIRIS TIPLER,

              Plaintiff,

v.

MADELYN DALEY, GRANT
MENGES, and CALLEY R. MIZE,

              Defendants.

Case No. 25-CV-01712-SPM

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court are three motions filed *pro se* by Plaintiff Deairis Tipler: a Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(a), 60(b)(1), and 60(b)(6) (Doc. 24), a Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 25), and a Motion to file an Amended Complaint (Doc. 26). Defendants Madelyn Daley, Grant Menges, and Calley R. Mize oppose the Motions. (Doc. 27). Having been fully informed of the issues presented, Plaintiff's Motions are **DENIED.**

### FACTUAL AND PROCEDURAL BACKGROUND

On September 3, 2025, Tipler filed a Complaint against Defendants Madelyn Daley, Grant Menges, and Calley R. Mize, alleging they violated his constitutional rights as his privately retained criminal defense attorneys. (Doc. 1). On September 9, 2025, before service was executed, Tipler filed a Motion to Amend his Complaint. (Doc. 5). On September 15, 2025, the Court granted the motion pursuant to Rule

15(a)(2) and ordered Tipler to file his Amended Complaint instanter. (Doc. 8). When Tipler failed to file an amended pleading by September 25, 2025, the Court warned that failure to comply would result in dismissal under Rule 41(b). (Doc. 9). Tipler filed his Amended Complaint on October 3, 2025. (Doc. 11). Defendants thereafter moved to dismiss on October 13, 2025. (Doc. 14). Tipler filed his response on October 20, 2025. (Doc. 17).

On December 12, 2025, this Court granted the Motion to Dismiss filed by Defendants, dismissing Tipler's Amended Complaint with prejudice. (*See* Doc. 22). Tipler's Amended Complaint alleged constitutional claims against Defendants pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging violations of his First and Fourteenth Amendment rights. (*See id.*).  He claimed, during the course of their purported representation, that he experienced emotional distress, breach of contract, and negligence; that he was denied a refund for legal services rendered; and that defendants failed to meet their professional capacities and comply with their oath requirements. (*Id.*). In granting the Motion to Dismiss, this Court found that Tipler's Amended Complaint failed to state a claim because he could not plausibly allege a cause of action under a *Bivens* theory for violations of constitutional rights against private attorneys, and even if he could maintain a *Bivens* action, he failed to plausibly allege the existence of a conspiracy to deprive him of his constitutional rights. (Doc. 22).

In addition to adjudicating the Motion to Dismiss, on December 12, 2025, this Court denied a Motion to Correct Docket filed by Tipler. (*Id.*). Tipler argued in his Motion to Correct Docket, filed on November 14, 2025, that a clerical omission or error

resulted in procedural confusion, and requested this Court direct the Clerk of Court to file his Amended Complaint, recognize the Amended Complaint as the operative pleading, confirm Defendants' Motion to Dismiss shall be treated as directed to the Amended Complaint, and confirming that Plaintiff's objections and responses are properly before the Court. (Doc. 21). After conducting a thorough review of the docket, the Court found no error existed on the face of the docket, and that Defendants' Motion to Dismiss was properly attacking the Amended Complaint, which was the operative pleading. (Doc. 22). As a result, this Court denied Tipler's Motion to Correct Docket.

Tipler filed the instant three motions before the Court on December 29, 2025: a Motion for Relief from Judgment under Federal Rules of Civil Procedure 60(a), 60(b)(1), and 60(b)(6) (Doc. 24); a Motion to Alter or Amend the Judgment under Rule 59(e) (Doc. 25); and a Motion for leave to file an Amended Complaint (Doc. 26). Defendants filed a response in Opposition to the Motions on January 5, 2026. (Doc. 27). On January 20, 2026, Tipler filed a Reply to Defendants' Response in Opposition. (Doc. 28).

**LEGAL STANDARD**

Relief from a final judgment, order, or proceeding pursuant to Federal Rule of Civil Procedure 60(b) "is an extraordinary remedy and is granted only in exceptional circumstances." *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994) (quoting *Dickerson v. Board of Educ.,* 32 F.3d 1114, 1116 (7th Cir. 1994)); *see Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (quoting *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008)). Rule 60(b) states that a party may seek relief from a judgment for one or

more of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3)fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. If the asserted ground for relief from the prior judgment does not fall within one of the specific categories enumerated in Rule 60(b)(1)−(5), relief may be available under the residual provision of the rule, 60(b)(6), which requires a showing of extraordinary circumstances justifying the reopening of a final judgment. *Arrieta*, 461 F.3d at 865. *Mendez v. Republic Bank*, 725 F.3d 651, 658 (7th Cir. 2013).

Federal Rule of Civil Procedure 60(a) allows the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." *See also Nilssen v. Osram Sylvania, Inc.*, 2022 WL 523133, at *9 (N.D. Ill. Feb. 22, 2022).  Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a judgment only to correct a manifest error of law or fact or to consider newly discovered evidence. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). It may not be used to present evidence that could have been raised prior to the entry of judgment. *Sigsworth v. City of Aurora*, 487 F.3d 506, 511–12 (7th Cir. 2007). The rule is not a mechanism for curing a party's own procedural failures or for advancing new evidence or arguments that could and should have been raised prior to the entry of judgment. *See Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (citing *LB Credit Corp. v. Resol. Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)).

## DISCUSSION

In his first Motion, Tipler states that he seeks relief pursuant to Federal Rule of Civil Procedure 60(a) for a clerical error, Rule 60(b)(1) for mistake or excusable neglect, and Rule (b)(6) for extraordinary circumstances. (Doc. 24). He states "Amended Complaint not docketed," "administrative failure," and "dismissal with prejudice without review of the Amended Complaint" as his grounds for relief. (*Id.*). In his second Motion, Tipler seeks relief under Rule 59(e), requesting the Court vacate his judgment because he timely submitted his Amended Complaint, alleges it was not docketed, and that "[t]he Court's conclusion that Plaintiff had already been given an opportunity to amend rests on a clerical or administrative omission, not a merits determination." (Doc. 25). Finally, in his third Motion, Tipler requests leave to file an Amended Complaint and that he acted diligently and in reliance on the Court's order granting leave to amend. (Doc. 26). In Response, Defendants argue that Tipler fails to identify manifest error, fails to present new evidence, and fails to show extraordinary circumstances exist to alter or relieve him of the judgment. (Doc. 27).

As discussed above, this Court has already conducted a thorough review and analysis of the procedural history and the docket in this case in the Order on Defendant's Motion to Dismiss issued on December 12, 2025. (Doc. 22). This Court's meticulous review revealed no errors in the docket, and denied his Motion to Correct the Docket for this reason. (*See id.*). At present, Tipler presents no evidence or information beyond a conclusory allegation that there are errors in the docket for the Court to consider along with his Motions. Moreover, this Court confidently concluded that Defendants' Motion to Dismiss addressed Tipler's Amended Complaint, which

he filed on October 6, 2025; further, it was this Amended Complaint this Court reviewed in adjudicating the Motion to Dismiss. (*See id.*). Tipler fails to demonstrate any error on behalf of the Court, the Clerk of Court, or any other actor which would warrant the relief he seeks. Accordingly, all arguments Tipler makes related to any alleged errors in the docket are expressly rejected by this Court, and this Court holds no relief is warranted on this basis. Further, Tipler's threadbare Motions fail to provide this Court with any other reason or justification that would warrant relief; he presents no argument, evidence, or authority to support his request for altering the judgment or reopening the case. His statement that manifest injustice would result if he were not permitted leave to amend is unsupported with further argument. Finally, when considering all the foregoing, the Court finds that Rule 60(b)'s catch-all provision warranting relief under "any other reason that justifies relief" is plainly not satisfied. Thus, based on the foregoing, Tipler's Motions are denied.

Lastly, in his Reply to Defendants' Response in Opposition, Tipler requests this Court clarify whether the Court's decision operates as a merit-based rejection of the allegations brought in his Amended Complaint. (Doc. 28). The case law makes clear that dismissal with prejudice operates as a final adjudication on the merits for the claim in question. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001). The Court's December 12, 2025 Order on Defendants' Motion to Dismiss speaks for itself and requires no further clarification. This Court lacks jurisdiction to speculate further as to any potential preclusive effect its Order may have in another forum or before another judge, and will not do so here.

## CONCLUSION

For the foregoing reasons, Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(a), 60(b)(1), and 60(b)(6) (Doc. 24), a Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 25), and a Motion to file an Amended Complaint (Doc. 26) are **DENIED**.

**IT IS SO ORDERED.**

**DATED: January 27, 2026**

<u>**s/ *Stephen P. McGlynn***</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**